UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TERON FRANKLIN,<br>              Petitioner,<br>   v.<br>TIMOTHY FILSON, *et al.*,<br>             Respondents. | Case No. 3:18-cv-00150-MMD-CBC<br><br>ORDER |

Petitioner Teron Franklin has submitted a *pro se* 28 U.S.C. § 2254 petition for writ of habeas corpus. He complied with this Court's order to file a completed financial certificate and inmate account statements, and his application to proceed in forma pauperis is now granted. The court has reviewed the petition pursuant to Habeas Rule 4, and it shall be docketed and served on Respondents.

A petition for federal habeas corpus should include all claims for relief of which Petitioner is aware. If Petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (regarding successive petitions). If Petitioner is aware of any claim not included in his petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

Petitioner has also submitted a motion for appointment of counsel (ECF No. 1-5). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are

such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970). Here, Petitioner states that he is serving a sentence of life without the possibility of parole, and it is unclear whether the legal issues he wishes to raise may be complex. Therefore, Petitioner's motion for counsel will be granted.

It is therefore ordered that Petitioner's application to proceed in forma pauperis (ECF No. 1) is granted.

It is further ordered that the Clerk shall file and electronically serve the petition (ECF Nos. 1-1, 1-2, 1-3, 1-6) on the Respondents.

It is further ordered that the Clerk shall add Adam Paul Laxalt, Nevada Attorney General, as counsel for Respondents.

It is further ordered that the Clerk shall detach and file Petitioner's motion for appointment of counsel (ECF No. 1-5).

It is further ordered that Petitioner's motion for appointment of counsel is granted.

It is further ordered that the Federal Public Defender for the District of Nevada ("FPD") is appointed to represent Petitioner.

It is further ordered that the Clerk shall electronically serve the FPD a copy of this order, together with a copy of the petition for writ of habeas corpus (ECF No. 1-1). The FPD shall have thirty (30) days from the date of entry of this order to file a notice of appearance or to indicate to the Court its inability to represent petitioner in these proceedings.

It is further ordered that after counsel has appeared for Petitioner in this case, the court will issue a scheduling order, which will, among other things, set a deadline for the filing of an amended petition.

///

///

DATED THIS 16th day of October 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE